## SETTELEMENT AGREEMENT AND MUTUAL RELEASE

This settlement agreement and mutual release, executed on November ___, 2019, between Mr. William I. Bartman of 1276 Laurelwood Road, Pottstown, PA 19465 (hereinafter "Bartman" and Mr. Leroy D. Kemery and Mrs. Barbara J. Kemery of Apartment A, 2484 Swamp Pike, Gilbertsville, PA 19525 (hereinafter, the "Kemreys"), is intended to effect the elimination of any obligations and release all claims by either party as hereinafter designated.

I. RECITALS

A. Bartman is the owner/landlord of real property located at 2484 Swamp Pike Road, Gilbertsville PA 19525, (hereinafter, the "Property") and leased by the Kemerys.

B. The Kemerys have defaulted under the lease by failing to pay rent totaling $4,505.00, which represents unpaid rent and late fees for the months of July, August, September and October.

C. The Kemerys filed a no-asset Chapter 7 voluntary bankruptcy petition, pro se, on July 1, 2019 in the United States Bankruptcy Court For the Eastern District of Pennsylvania, case no. 19-14196-mdc (the "Bankruptcy Action").

D. Bartman commenced an eviction action in Pennsylvania Magisterial District Court on August 8, 2019 (the "Landlord/Tenant Action") but subsequently voluntarily withdrew the action on September 4, 2019 after confirming that filing of the within bankruptcy petition.

E. Subsequently, the Kemerys commenced an adversary action in the United States Bankruptcy Court For the Eastern District of Pennsylvania, Adv Pro No. 19-00173 (the "Adversary Proceeding").

Whereas, the above disputes have arisen and the actions commenced between the Parties, the Parties now desire to fully and finally settle all claims relating to the Lease, Bankruptcy Action, Landlord/Tenant Action and Adversary Proceeding in order to avoid the substantial expense and inconvenience of further litigation. This includes any and all issues and claims that were raised or could have been raised in the Bankruptcy Action, Adversary Proceeding, Landlord Tenant Action and any and all claims or potential claims related to a security deposit held by landlord, whether or not raised in the above Actions.

II. AGREEMENT

THEREFORE, IN CONSIDERATION OF THE MUTUAL PROMISES CONTAINED HEREIN, THE PARTIES HEREBY AGREE AS FOLLOWS:

1. The Kemerys will voluntarily dismiss the Adversary Proceeding within 5 days of executing this agreement;

2. The Kemerys immediately will vacate the Property if they have not done so already;

MAR 11 2020

3. The Kemerys will forgo any claims for the return or payment of any and all monies held by Bartman including any and all security deposit(s) held by Bartman under the Lease; and

4. Bartman will forgo and release and and all claims for any and all unpaid rent under the Lease.

## III. MUTUAL RELEASE

The Parties, on behalf of themselves and their respective spouses, heirs, agents, representatives, successors, assigns, agents, officers, representatives, successors, and assigns, hereby unconditionally, irrevocably and absolutely mutual release and discharge one another, as well as any other present or former employees, officers, agents, attorneys, affiliates, successors, assigns and all other representatives of the Parties, from any and all causes of action, judgments, liens, indebtedness, damages, liquidated damages, losses, claims, attorneys' fees and costs, liabilities and demands of whatever nature whatsoever, that the Parties may have against one another arising from incidents or events that occurred on or before the effective date of this Agreement that were the basis of claims in the Lease, Bankruptcy Action, Landlord/Tenant Action and Adversary Proceeding or could have been raised as claims in the Action, and these claims shall collectively be referred to hereafter as "Released Claims." Released Claims include, without limitation, any and all claims and potential claims, whether known or unknown, asserted or not asserted in the the Lease, Bankruptcy Action, Landlord/Tenant Action and Adversary Proceeding under the laws of contract or tort, the common law, the state or federal Constitution, and any state or federal statutes, including, without limitation, all causes of action that were or could have been asserted.

## IV. MISCELLANEOUS

A. It is understood and agreed that this Agreement is not an admission of liability by either party, and that the Parties intend to avoid further litigation and expense by entering into this Agreement.

B. This Agreement is made and entered into in the Commonwealth of Pennsylvania and shall in all respects be interpreted and enforced in accordance with Pennsylvania law.

C. The Parties declare and represent that no promise, inducement or agreement not herein discussed has been made between them and that this Agreement contains the entire expression of agreement between the Parties on the subjects addressed herein.

D. This Agreement shall bind the heirs, personal representatives, successors, and assigns of the Parties, and it shall inure to the benefit of the Parties and their respective heirs, successors, and assigns.

PLEASE READ CAREFULLY. THIS AGREEMENT AND MUTUAL GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. WHEREFORE, THE PARTIES HAVE VOLUNTARILY EXECUTED THIS AGREEMENT ON THE DATES SHOWN BELOW.

In witness whereof the parties have executed this Settlement Agreement and Mutual Release on the day and year stated above.

_____
William I. Bartman

_____
Leroy D. Kemery

_____
Barbara J. Kemery